1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8   RICARDO DONTEA ELMORE,

9                        Plaintiff,              Case No. C11-1844-MJP-BAT

10            v.                                 **REPORT AND
                                                 RECOMMENDATION**
11   MICHAEL J. ASTRUE, Commissioner of
     Social Security,
12
                         Defendant.
13

14        Ricardo Dontea Elmore seeks review of the denial of his Supplemental Security Income

15   application.  He contends the ALJ erred by: (1) failing to apply the two step Drug Abuse and

16   Alcoholism ("DAA") analysis; (2) improperly assessing the medical evidence, Mr. Elmore's

17   testimony and Mr. Elmore's residual functional capacity ("RFC"); and (3) posing hypothetical

18   questions at step five without including all limitations.  He also contends the Appeals Council

19   erred by failing to give sufficient reasons to reject evidence Mr. Elmore submitted after the ALJ

20   entered her decision.  Dkt. 18.  As discussed below, the Court recommends the case be

21   **REVERSED** and **REMANDED** for further administrative proceedings.

22                              **BACKGROUND**

23        The procedural history is not at issue and need not be detailed.  At issue are the findings

REPORT AND RECOMMENDATION - 1

1   the ALJ made after conducting a hearing on November 10, 2009.  Utilizing the five step

2   disability evaluation process,[1] the ALJ found:

3   **Step one**, Mr. Elmore had not worked since August 13, 2007;

4   **Step two**, Mr. Elmore's severe impairments were: polysubstance
abuse, depression not otherwise specified with psychosis versus
5   bipolar disorder, anxiety disorder, rule out malingering, rule out
antisocial personality traits versus antisocial personality disorder
6   by history, and seizure disorder;

7   **Step three**, these impairments did not meet or equal the
requirements of a listed impairment[2];

8

9   **Residual Functional Capacity**, Mr. Elmore could perform a full
range of work at all exertional levels, but with the following
nonexertional limitations: he could not work at heights or around
10   dangerous machinery; he could do simple and repetitive tasks, and
some detailed and complex tasks, as long as no calculation was
11   required; he could do work involving no more than superficial
contact with co-workers, limited contact with supervisors, and no
12   contact with the general public;

13   **Step four**, Mr. Elmore could not perform his past work;

14   **Step five**, There are jobs Mr. Elmore could perform and he is thus
not disabled.
15
Tr. 30-48.
16
**DISCUSSION**
17
**A.      The ALJ's consideration of Mr. Elmore's drug abuse and alcoholism**
18
Mr. Elmore contends the ALJ erred in failing to apply the two step process for evaluating
19
DAA.  Dkt. 18 at 1.  Where alcohol or drug abuse are implicated in a disability proceeding, an
20
ALJ must first conduct the five step inquiry without separating out the impact of alcoholism or
21
drug addiction.  *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  If the ALJ finds
22

23   [1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

1  the claimant is not disabled under the five step inquiry, then the claimant is not entitled to

2  benefits and there is no need to proceed with the analysis regarding DAA under 20 C.F.R. §§

3  404.1535 or 416.935.  *Id.*  On the other hand, if the ALJ finds the claimant is disabled and there

4  is medical evidence of the claimant's drug addiction or alcoholism, then the ALJ should then

5  determine if the claimant would still be found disabled if the claimant  stopped using alcohol or

6  drugs.  *Id*.  If the remaining limitations would not be disabling, then the claimant's substance

7  abuse is material and benefits must be denied.  *Parra v. Astrue*, 481 F.3d 742, 747–48 (9th Cir.

8  2007).

9        The parties agree alcohol and drug abuse are implicated in this case.  *See* Dkt. 18 at 6

10  (Opening Brief); Dkt. 19 at 15 (Response).  The parties disagree on whether the ALJ properly

11  addressed this issue.  Mr. Elmore argues the ALJ erred by using substance abuse "throughout the

12  body of the hearing decision to discredit Plaintiff" and "to cast his mental impairments in a bad

13  light" without performing the two step DAA analysis that *Massanari* requires.  Dkt. 14 at 18.

14  Essentially, this argues the ALJ improperly jumped to the DAA analysis before first completing

15  the five step analysis.  The Commissioner argues the ALJ properly found Mr. Elmore not

16  disabled under the five step analysis considering all of Mr. Elmore's impairments including

17  substance abuse, and therefore did not need to determine the DAA analysis of whether Mr.

18  Elmore would still be found disabled absent substance abuse.  Dkt. 19 at 15.

19        The record supports Mr. Elmore's contention.  The ALJ did not mention or discuss the

20  application of a DAA analysis in her decision.  Rather, the ALJ improperly conducted the five

21  step inquiry separately considering the impact of Mr. Elmore's substance abuse on the first go-

22  around.  This is evidenced by the ALJ's decision to discount Richard Miller's, M.S.W., opinions

23  because "Mr. Miller stated that alcohol or drug treatment would likely decrease the severity of

1 the claimant's mental health condition, indicating that substance abuse exacerbated his

2 symptoms, but did not specify to what extent the limitations were attributable to substance

3 abuse." Tr. 46.  This is also evidenced by the ALJ's finding that Seven Dunsmore's, M.A.,

4 M.H.P., opinions should not be given significant weight because:

> Ms. Dunsmore opined that the claimant's bi-polar symptoms and
> mood swings could be reduced with alcohol and/or drug treatment
> and states that the claimant's drug and alcohol use interfered with
> prescribed medication (Ex. 16F).  This statement suggests that the
> claimant's substance abuse was at least partially the cause of any
> assessed limitations.

Tr. 47.

The ALJ's decision thus shows the ALJ erred by considering the effect of Mr. Elmore's

substance abuse in the initial determination of considering whether he was disabled.  The record

established Mr. Elmore suffered from polysubstance abuse significant enough to be considered a

severe impairment at step two.  Tr. 32.  Consequently, the ALJ should have proceeded with the

five step inquiry without attempting to determine the impact of Mr. Elmore's drug use on his

other impairments.  If, and only if, the ALJ found Mr. Elmore was disabled under the five step

inquiry, should the ALJ have evaluated whether Mr. Elmore would still be disabled absent drug

abuse.   Instead, as noted above, the ALJ rejected the opinions of Mr. Miller and Ms. Dunsmore

on the grounds their assessment of Mr. Elmore's limitations were based at least in part on

substance abuse.

The Commissioner contends because the ALJ articulated other valid reasons to reject

Mr. Miller's opinions, the ALJ engaged in an appropriate DAA analysis.  The Commissioner

also contends since the ALJ found Ms. Dunsmore's opinions were consistent with the ALJ's

RFC assessment "this shows the ALJ properly considered DAA" and that "even when the effects

of DAA were taken into account, the residual functional capacity finding was appropriate."  Dkt.

REPORT AND RECOMMENDATION - 4

19 at 15-16.  These arguments miss the point.  The fact the ALJ may have given good reasons to reject Mr. Miller's opinions and also considered substance abuse in assessing Mr. Elmore's RFC does not mean the ALJ applied the five step disability inquiry without attempting to determine the impact of Mr. Elmore's drug use on his other impairments.  The record, as discussed above, clearly establishes that, notwithstanding the Commissioner's arguments, the ALJ failed to apply the DAA analysis.

In sum, although substance abuse was a major consideration in the ALJ's disability determination, the ALJ erred by failed to apply the Commissioner's regulations and the law of this Circuit requiring the ALJ to apply a specific two step DAA analysis.  The matter should thus be remanded with direction that the ALJ complete the initial five step disability inquiring without separating out the impact of substance abuse pursuant to *Bustamante v. Massanari*.

**B.      The ALJ's evaluation of the medical evidence, Mr. Elmore's credibility, and RFC**

Because the matter should be remanded, the Court need not address Mr. Elmore's claims that the ALJ erred in evaluating the medical evidence, his testimony and his RFC.  Each of these claims are inextricably intertwined with Mr. Elmore's substance abuse, and it is thus appropriate for the Court to leave it to the Commissioner to untangle the impact of substance abuse through a proper DAA analysis.

**C.      The sufficiency of the Appeals Council's decision regarding newly presented evidence**

About seven months after the ALJ entered her decision, Mr. Elmore submitted to the Appeals Council an evaluation performed by Renee McCann, M.A., M.H.P.  Dkt. 18 at 13.  Mr. Elmore contends "to reject her opinion the Appeals Council had to give germane reasons. *Taylor, supra* at 1234.  The Appeals Council gave no reasons and so failed this standard (Tr. 1-6), additional requiring reversal."  Dkt. 18 at 13.  The decision in *Taylor* does not support this

REPORT AND RECOMMENDATION - 5

1   contention.

2   　　　The Court in *Taylor* noted the Appeals Council's denial of a request for review is a non-

3   final agency action not subject to judicial review.  *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228,

4   1231 (9th Cir. 2011).  As such the Court stated "we may neither affirm nor reverse the Appeals

5   Council's decision." *Id.*  The Court further noted if the claimant were asking for a "ruling that

6   the Appeals Council must provide [a] detailed rationale whenever faced with new evidence," that

7   "request would be barred by *Gomez v. Chater*, where we held that 'the Appeals Council [was]

8   not required to make any particular evidentiary finding' when it rejected evidence from a

9   vocational expert obtained after an adverse administrative decision." *Id.*  (citing 74 F.3d 967,

10   972 (9th Cir. 1996)).

11   　　　But this is exactly what Mr. Elmore asks by arguing "the Appeals Council had to give

12   germane reasons" to reject Ms. McCann's opinions.  Mr. Elmore's argument thus stands in stark

13   contrast to the argument raised in *Taylor*.  In *Taylor*, the claimant argued the Court could review

14   a doctor's opinion as part of the overall review of the ALJ's final decision, not that the Court

15   could review the Appeals Council's decision. *Id.*  Here, Mr. Elmore argues the Appeal Council's

16   decision is wrong for failure to provide a detailed enough rationale for rejecting Ms. McCann's

17   opinions.  This is explicitly foreclosed by *Taylor* and *Gomez*, and the Court thus will not disturb

18   the Appeals Council's decision.

19   **CONCLUSION**

20   　　　For the foregoing reasons, the Court recommends that the Commissioner's decision be

21   **REVERSED** and the case be **REMANDED** for further administrative proceedings.  Mr. Elmore

22   did not claim the ALJ erred at step two.  Thus on remand, the ALJ should proceed with steps

23   three, and four and five as necessary, of the five step disability determination without attempting

REPORT AND RECOMMENDATION - 6

1  to separate out the impact of Mr. Elmore's drug and alcohol abuse.  Only if the ALJ determines

2  Mr. Elmore is disabled under the five step inquiry, should the ALJ should consider whether his

3  substance abuse is a contributing factor material to that determination.

4       A proposed order accompanies this Report and Recommendation.  Objections, if any, to

5  this Report and Recommendation must be filed and served no later than **July 30, 2012.**  If no

6  objections are filed, the matter will be ready for the Court's consideration on **August 3, 2012**.  If

7  objections are filed, any response is due within 14 days after being served with the objections.  A

8  party filing an objection must note the matter for the Court's consideration 14 days from the date

9  the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The

10  failure to timely object may affect the right to appeal.

11       DATED this 16th day of July, 2012.

12

13  _____

BRIAN A. TSUCHIDA
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 7